**WILLIAM D. STARK**
Attorney at Law
**OSB No. 893651**
E-Mail: billaw97302@yahoo.com
1960 East Nob Hill S.E.
Salem, Oregon 97302
Telephone:   (503) 588-3241
Fax:              (503) 364-3308

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JULIE LAFAYETTE ) | Case No. 08-6238-TC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| JEFFERSON COUNTY SCHOOL ) | ( Sex Discrimination, 42 USC 1983, Wrongful |
| DISTRICT, STEVE JOHNSON and ) | Discharge, Breach of contract/duty of |
| KAY BAKER, ) | good faith and fair dealing, promissory estoppel) |
| ) | |
| Defendants. ) | JURY TRIAL DEMAND |

## I. JURISDICTION AND VENUE

1.

The court has jurisdiction of this action under 42 USC § 1983, 28 USC § 1343, 28 USC § 1331, 42 USC § 2000e(b),(g),and (h). Plaintiff's state claims are proper under the doctrine of pendent jurisdiction.

1 - COMPLAINT

2.

Defendants committed the unlawful acts in the State of Oregon. Venue is proper under 28 USC § 1391.

3.

At all relevant times, Defendants Baker and Johnson acted under color of the statutes, customs, ordinances and usage of the State of Oregon.

## II. PARTIES

4.

Plaintiff, at all times material, was a resident of the county of Jefferson, state of Oregon and performed her duties as School Principal in a satisfactory manner at all times.

5.

Defendant Jefferson County School District is a Oregon state government agency.

6.

Defendant Kay Baker was the Superintendent of Schools and defendant Johnson was the District Auxiliary Director at the time of plaintiff's termination. Each was responsible for and participated in the decision to terminate the plaintiff.

7.

In taking the aforesaid discriminatory actions defendant Baker acted under color of statute, regulation, custom, usage of the State of Oregon within the meaning of 42 U.S.C. § 1983.

8.

Defendant School District and Baker failed to train and supervise material employees

2 - COMPLAINT

regarding civil rights and discrimination.

9.

Plaintiff sues defendants Baker and Johnson in their individual capacity and in their official capacity.

# FIRST CLAIM FOR RELIEF

### (Retaliation - Title VII - against Jefferson School District)

10.

Plaintiff is female. She was employed as a School Principal for defendant District at all times material.

11.

During her course of employment, plaintiff was subjected to discriminatory treatment by defendant school district management level employees, Steve Johnson and Matt Newell. Beginning in January 2006 and continuing into the Spring of 2006, Johnson and Newell committed a series of harassing offensive acts against the plaintiff because of her gender and their beliefs that women were inferior to men.

12.

Throughout the time that she was subjected to harassment, plaintiff complained to HR and administrative staff but no effective deterring corrective action was taken. In April, 2007, defendant Newell engaged in a physical altercation with another district employee, caused by Newell's false statements about the plaintiff. This time, defendant School district reported that it had done an investigation into the allegations regarding Newell's recent conduct but only

concluded that Newell had acted "unprofessional at times throughout the school year."

13.

At the end of the 2007 school year in June 2007, plaintiff was notified that she was terminated from her principal position, though there were suitable positions available.

14.

A substantial factor in defendant decision to terminate plaintiff's employment was plaintiff's protected conduct of complaining about discrimination and about the conduct of Newell and Johnson.

15.

Plaintiff filed a timely notice of tort claim, filed a BOLI complaint in October 2007 and was issued a right to sue letter on May 2, 2008.

16.

As a result of defendant's conduct, plaintiff is entitled to back pay and benefits of no less than $40,000.00, plus interest and reinstatement or front pay of no less than $100,000.00, the cost of job searching, moving to a new area and position and maintaining a residence separate from her family, the final amounts to be determined at the time of trial.

17.

Defendant's conduct was reckless and malicious, showing a conscious disregard of plaintiff's rights and plaintiff is entitled to punitive damages of no less than $300,000.00.

18.

As a result of defendant District's actions, plaintiff has experienced emotional distress, anxiety humiliation and damage to her reputation and is entitled to damages in the amount of

4 - COMPLAINT

$300,000.00.

19.

Pursuant to 42 USC 2000, plaintiff is entitled to recover her costs and attorney fees.

## SECOND CLAIM FOR RELIEF

(42 USC 1983 violations, Equal Protection - against District, Baker and Johnson)

20.

Plaintiff realleges paragraphs 1 though 18 above.

21.

Count 1: Because she was a woman, plaintiff was subjected to a pattern of unequal treatment by Newell and Johnson and the District, in part because of the defendant districts's negligence in training and supervising Newell and Johnson.

Count 2: A substantial factor in the defendants' decision to terminate the plaintiff was that plaintiff, a woman, complained of sex harassment and unequal treatment by Newell and Johnson, both men.

22.

Plaintiff is entitled to a declaratory injunction that defendants' acts, policies and procedures violated plaintiff's rights under 42 U.S.C. § 1983, and enjoining defendants from future violations of plaintiff's rights.

23.

Plaintiff is entitled to costs and attorney fees per 42 USC Section 1988.

## THIRD CLAIM FOR RELIEF

### (Common Law Wrongful Discharge- against defendant district)

24.

Plaintiff incorporates paragraphs 1-18 above.

25.

In complaining about and resisting sex harassment, plaintiff engaged in protected conduct.

26.

A substantial factor in the decision to terminate the plaintiff was plaintiff's complaining about and resisting sex harassment.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract - against defendant district)

27.

Plaintiff realleges paragraphs 1-16, above.

28.

Plaintiff had a agreement that she would work in her capacity of Principal on the development of a new school and school program during the 2006-2007 school year. She was expressly promised by the School Superintendent that the plaintiff would have a position with the district whether or not the new school program went into effect. During the time on the assignment, her performance was satisfactory.

29.

Through no fault of the plaintiff, defendant district decided that the new school program

would not go into effect.

30.

At the time it was determined not to start the new school, there were available positions that plaintiff was qualified to fill. Defendant district did not offer any available position or even discuss any possible position. Instead, in breach of plaintiff's agreement with the district, plaintiff was notified on June 13, 2007, that she was terminated as of June 30, 2007.

31.

Plaintiff's agreement carried with it an implied duty of good faith and fair dealing in the performance of the agreement. Defendant breached the duty of good faith by failing to train and supervise its staff to respond to complaints of sex in a timely manner and by terminating plaintiff from employment without any opportunity for the plaintiff to continue employment and because defendant was, in substantial part, motivated to terminate plaintiff because of plaintiff's protected conduct.

## FIFTH CLAIM FOR RELIEF

### (Promissory Estoppel - against defendant district)

32.

Plaintiff realleges paragraphs 1-15, 28-31.

33.

Plaintiff was promised by the Superintendent of Schools that she would continue her employment with the defendant district, if she took the assignment to develop a new school program, regardless of whether or not the new school was established.

34.

Plaintiff relied on the promise and did accept the special assignment, performing satisfactorily during the assignment.

35.

As a result of plaintiff's reliance, plaintiff was damaged by the loss of her rights and position with the district and is entitled to lost back pay and future lost income and the cost of job searching, moving to a new area and position and maintaining a residence separate from her family, the final amounts to be determined at the time of trial.

**WHEREFORE,** plaintiff demands a judgment in her favor and against defendants as follows:

Plaintiff's First Claim:

1. Back pay and benefits of no less than $40,000.00, plus interest and reinstatement or front pay of no less than $100,000.00, the cost of job searching, moving to a new area and position and maintaining a residence separate from her family, the final amounts to be determined at the time of trial;

2. Plaintiff's non-economic damages in the amount of $ 300,000.00;

3. Punitive damages of no less than $300,000.00;

4. A Declaratory injunction that defendants' acts, policies and procedures violated plaintiff's rights under Title VII and enjoining defendants from future violations of plaintiff's rights;

5. Plaintiff's non-economic damages in the amount of $ 300,000.00;

8 - COMPLAINT

Plaintiff's Fifth Claim:

1. Back pay and the value of lost benefits plus interest, future lost income and the cost of job searching, moving to a new area and position and maintaining a residence separate from her family. the final amounts to be determined at the time of trial.

Date: 7-29-08

Respectfully submitted,

William D. Stark OSB No. 893651
Attorney for Plaintiff

10 - COMPLAINT